EDSAM SCREW MACHINE PRODUCTS CO., INC., APPELLANT, v. TOWNSHIP OF CHESTER IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION, RESPONDENT.

Argued October 17, 1945—Decided January 24, 1946.

For the appellant, *George B. Evans* and *Louis B. LeDuc.*

For the respondent, *Herbert Richardson.*

The opinion of the court was delivered by

COLIE, J. Edsam Screw Machine Products Co., Inc., brought suit in the Supreme Court under the Uniform Declaratory Judgments Act, *R. S.* 2:26–66, *et seq.,* praying that the court determine whether or not a certain agreement of purchase and sale and the deed delivered thereunder vested the title to a "column still and cooker and said other equip-

ment" in it. The trial court determined that question adversely to appellant and from the judgment embodying that finding, Edsam now appeals.

In 1943 the Township of Chester by tax foreclosure proceedings acquired title to the premises involved, which had formerly been used as a distillery. When the township foreclosed its tax lien, the still equipment had been removed by the Federal Internal Revenue authorities. Edsam Company made a bid of $4,000 for the property and when a public sale was subsequently held, no higher bid was received and its bid was accepted. On the date of the public sale one Kufferman, who desired to purchase the premises for distillery purposes, made an inspection and found that the still equipment was missing. He thereupon requested an adjournment of the sale which was refused. The sale was held and the property knocked down to Edsam Company. Kufferman then applied for and was allowed a writ of *certiorari* to review the refusal to grant an adjournment. In the *certiorari* proceeding Edsam Company was named as a defendant and filed a brief in which it took the position that the Township of Chester, also a respondent, "had not undertaken to sell the still or any of the equipment formerly in the distillery." The Supreme Court dismissed the writ. *Kufferman* v. *Addison*, 131 *N. J. L.* 279.

Edsam Company in the present proceeding sought a declaratory judgment that title to the still equipment was vested in it under its purchase at the public sale. That contention is incompatible with the position which it took in *Kufferman* v. *Addison, supra,* and we hold that it is estopped by its prior conduct from seeking to have the court declare title to the still equipment in it. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 15.

*For reversal*—None.